**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2096**

DAGOBERTO MEJIA-ALVARADO,

        Petitioner,

    v.

WILLIAM P. BARR, U.S. Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 27, 2020                Decided: March 6, 2020

Before KING, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Dismissed in part, denied in part by unpublished per curiam opinion.

Dagoberto Mejia-Alvarado, Petitioner Pro Se. Todd J. Cochran, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dagoberto Mejia-Alvarado, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his applications for relief from removal. While Mejia-Alvarado claims on appeal that he qualified for asylum, withholding of removal, and protection under the Convention Against Torture, and further requests a grant of cancellation of removal, he did not administratively exhaust these claims before the Board. "[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and the Court lacks jurisdiction to consider them." *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019); *see also* 8 U.S.C. § 1252(d)(1) (2018) (stating that Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). "Only after the [Board] has rendered a decision on an argument or claim is that argument or claim said to have been exhausted." *Cabrera*, 930 F.3d at 631. "In sum, we have consistently held that . . . when a petition contains an argument that has never been presented to the [Board] for consideration, we lack jurisdiction to consider it even if other arguments in the petition have been exhausted." *Id*.

Accordingly, as Mejia-Alvarado's claims for relief have not been administratively exhausted, we lack jurisdiction to consider them and dismiss the petition for review with respect to those claims. To the extent Mejia-Alvarado challenges the Board's denial of his request for remand, we have reviewed the administrative record and find no abuse of discretion. *See Obioha v. Gonzales*, 431 F.3d 400, 408 (4th Cir. 2005); *see* 8 C.F.R. § 1003.2(a) (2019). We therefore deny the petition for review in part for the reasons stated

2

by the Board. *In re Mejia-Alvarado* (B.I.A. Sept. 19, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*DENIED IN PART*

3